UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURESH ESWARAN, | No. 2:25-cv-00978-TLN-CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| BUNMI AWONIYI, et al., | |
| Defendants. | |

Plaintiff Suresh Eswaran proceeds pro se in this action.[1] Plaintiff's complaint is before the court for screening and plaintiff requests to proceed in forma pauperis. (ECF Nos. 1, 2.) Plaintiff's application to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915, and the request is granted. However, the complaint fails to establish the Court's jurisdiction and the complaint seeks monetary relief against a defendant who is immune from suit. The complaint must be dismissed, but plaintiff is granted leave to file an amended complaint.

**I.      Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is

---

[1] Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

1

immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to allow the court to reasonably infer that a named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

## II. Allegations in the Complaint

Plaintiff brings claims against the Sacramento County Superior Court Judge Bunmi Awoniyi and the Sacramento County Superior Court's Chief Legal Officer Paul Dorris in their personal and official capacities. (ECF No. 1 at 1.) Plaintiff avers that his complaint is authorized by 42 U.S.C. § 1983 and alleges that it invokes a "federal question." (*Id.* ¶ 1.) Plaintiff alleges that on September 4, 2024, he was unlawfully denied entry into the Sacramento Superior Court by security personnel without explanation. (*Id.* ¶¶ 9-10.) He claims that Defendant Dorris issued an official letter which contained false and defamatory claims. (*Id.* ¶ 11.) Plaintiff also alleges that on February 13, 2025, two California Highway Patrol officers arrived at plaintiff's parents' home in an act of intimidation organized by defendant Awoniyi. (*Id.* ¶ 13.) Plaintiff brings claims for violation of the First and Fourteenth Amendments due to the denial of access to the courts; violation of the Bane Act; obstruction of justice and evidence tampering; First Amendment

Retaliation; and tortious interference and reputational harm. (*Id.* ¶¶ 16-20.)

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

The complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Plaintiff provides only conclusory allegations that he was unlawfully denied entry to the Sacramento Superior Court by "security personnel" and that a letter written by defendant Dorris contained "false and defamatory claims." (ECF No. 1 ¶ 9, 11.) Plaintiff does not name these "security personnel" in his complaint. Plaintiff also conclusively states that officers arrived as his parents' home "in an orchestrated act of intimidation." (*Id.* ¶ 13.) However, plaintiff does not provide sufficient facts to state a claim. Conclusory allegations like these do not give fair notice of the claims. See Iqbal, 556 U.S. at 678. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

The Court also notes plaintiff attached to the complaint approximately 38 pages of exhibits, unincorporated by reference and unexplained by any allegations. Although the Court liberally construes pro se complaints, the Court will not comb through attached exhibits to determine whether a claim could possibly be stated based on material in the exhibits where the pleading itself does not state a claim. See Samtani v. City of Laredo, 274 F. Supp. 3d 695, 698 (S.D. Tex. 2017); Johnston v. CDCR Health Care, No. 1:21-cv-01322-JLT-BAM PC, 2022 WL 183432, at *1 (E.D. Cal. Jan. 20, 2022). Accordingly, in any amended complaint, plaintiff must include factual allegations in the complaint itself, rather than relying on the content of any exhibits, in order to state a claim.

Having performed the screening required by 28 U.S.C. § 1915, the Court finds plaintiff fails to state a claim under the First or Fourteenth Amendments. Plaintiff will have an opportunity to amend. Below, the Court sets forth legal standards governing plaintiff's First Amendment

access to courts and retaliation claims for any amended complaint plaintiff may file. As plaintiff has not stated a federal claim, the court will not at this time exercise supplemental jurisdiction over plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3). If plaintiff states a federal claim, the court will screen the state law claims.

### B. Access to Courts

The right of access to courts is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011). "[T]he right of access to the courts is a fundamental right protected by the Constitution." Ringgold-Lockhart v. Cnty. of Los Angeles, 761 F.3d 1057, 1061 (9th Cir. 2014) (alteration in original) (quoting Delew v. Wagner, 143 F.3d 1219, 1222 (9th Cir. 1998)). "Access to courts does not only protect one's right to physically enter the courthouse halls, but also ensures that the access to courts will be 'adequate, effective and meaningful.'" Swekel v. City of River Rouge, 119 F.3d 1259, 1262 (6th Cir. 1997) (quoting Bounds v. Smith, 430 U.S. 817, 822 (1977)).

Claims for denial of access to courts may arise from either the frustration of "a litigating opportunity yet to be gained" (a forward-looking claim), or from "an opportunity already lost" (a backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 413-14 (2002). In either case, "the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." Id. at 414-15. "[T]he right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." Id. at 415. Thus, in any access-to-courts claim, a plaintiff must allege: (1) a "nonfrivolous," "arguable" underlying claim, pled "in accordance with [Rule] 8(a), just as if it were being independently pursued"; (2) the official acts that frustrated the litigation of that underlying claim; and (3) a plain statement describing the "remedy available under the access claim and presently unique to it." Id. at 415-18.

### C. Retaliation

To bring a First Amendment retaliation claim, a plaintiff must show: (1) that plaintiff was "engaged in a constitutionally protected activity"; (2) that defendant's actions would "chill a

person of ordinary firmness form continuing to engage in the protected activity"; and (3) that "the protected activity was a substantial or motivating factor in defendant's conduct." Sanderlin v. Dwyer, 116 F.4th 905, 910-11 (9th Cir. 2024) (citation omitted). However, a plaintiff "may not recover merely on the basis of a speculative 'chill' due to generalized and legitimate law enforcement initiatives." Mendocino Environmental Center v. Mendocino Cnty., 14 F.3d 457, 464 (9th Cir.1994).

### D. Judicial Immunity

In addition, plaintiff brings his claims against Sacramento County Superior Court Judge Bunmi Awoniyi who is immune from a suit for damages. With limited exceptions, judges and other judicial officers are absolutely immune from suit for judicial acts. See Forrester v. White, 484 U.S. 219, 227 (1988); In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002). Judicial immunity is overcome in only two sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity; second, a judge is not immune for actions taken in the complete absence of any jurisdiction. Mireles v. Waco, 502 U.S. 9, 11 (1991). "This immunity applies even when the judge is accused of acting maliciously and corruptly[.]" Pierson v. Ray, 386 U.S. 547, 554 (1967).

### E. Eleventh Amendment Immunity

Plaintiff also brings his claims against Chief Legal Officer of the Sacramento County Superior Court Paul Dorris in his official and individual capacities. Suits against the Superior Court and its employees are barred by the Eleventh Amendment. Simmons v. Sacramento Cnty. Superior Ct., 318 F.3d 1156, 1161 (9th Cir. 2003); see Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71 (1989) (holding that "'arms of the State' for Eleventh Amendment purposes" are not liable under § 1983); Greater L.A. Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987), superseded by statute on other grounds as stated in Buffin v. California, 23 F.4th 951, 963 n.5 (9th Cir. 2022) (holding that state courts are arms of the state for Eleventh Amendment purposes).

### IV. Motion to E-File Documents

Plaintiff has requested to file documents electronically, stating he is moving and it will be

easier for him to act on and receive information. (ECF No. 4.) The Local Rules are clear that "any person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." See Local Rule 133(b)(2). Plaintiff's motion for electronic case filing does not provide good cause for deviance from this Local Rule. Thus, Plaintiff's motion to e-file is denied with respect to utilizing the CM/ECF system to file documents. Plaintiff will continue to file paper documents with the Court through conventional means.

### V. Conclusion and Order

The complaint must be dismissed, but plaintiff is granted leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading.

For the reasons set forth above, IT IS ORDERED as follows:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend;
3. Plaintiff's motion to e-file documents (ECF No. 4) is DENIED; and
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: June 9, 2025

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, eswa.0978.25