UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURESH ESWARAN, | No. 2:25-cv-00978-TLN-CKD (PS) |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| BUNMI AWONIYI, et al., | |
| Defendants. | |

Plaintiff Suresh Eswaran proceeds pro se in this action.[1] On June 9, 2025, the Court issued an order dismissing plaintiff's complaint with leave to amend and granted plaintiff thirty (30) days to file an amended complaint. Plaintiff filed a first amended complaint ("FAC") on June 27, 2025, which is now before the Court for screening. (ECF No. 7.) Plaintiff's FAC fails to establish the Court's jurisdiction and seeks monetary relief against defendants who are immune from suit. For the reasons set forth below, the FAC should be dismissed without leave to amend.

I.     **Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is

---

[1] Because plaintiff proceeds without counsel, this action is referred to the undersigned by Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

1

1   immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27
2   (2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings.
3   See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

4       A complaint must contain "a short and plain statement of the claim showing that the
5   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
6   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
7   conclusory statements, do not suffice[.]" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell
8   Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While factual allegations are accepted as
9   true, legal conclusions are not. Iqbal, 556 U.S. at 678. Courts "are not required to indulge
10  unwarranted inferences[.]" Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009)
11  (internal quotation marks and citation omitted).

12      Pro se litigants are entitled to have their pleadings liberally construed and to have any
13  doubt resolved in their favor, Eldridge, 832 F.2d at 1137, but a plaintiff's claims must be facially
14  plausible to survive screening. Facial plausibility for a claim requires sufficient factual detail to
15  allow the court to reasonably infer that a named defendant is liable for the misconduct alleged.
16  Iqbal, 556 U.S. at 678.

17  **II.    Allegations in the Complaint**

18      Plaintiff brings claims in the FAC against Sacramento County Superior Court Judges
19  Bunmi Awoniyi and Jeffrey Galvin, and the Sacramento County Superior Court's Chief Legal
20  Officer Paul Dorris, in their personal capacities. (ECF No. 7 at 1.) Plaintiff avers that his
21  complaint is authorized by 42 U.S.C. § 1983 for violations of the First and Fourteenth
22  Amendments. (Id.) Plaintiff alleges that on February 13, 2025, defendant Awoniyi directed two
23  California Highway Patrol ("CHP") officers to visit plaintiff's family home. (Id. at 2.) These
24  officers allegedly pressured plaintiff's parents to commit plaintiff to a psychiatric facility and to
25  prevent plaintiff from participating in a judicial counsel meeting. (Id.) Plaintiff alleges that law
26  enforcement resources were used to retaliate against him for his advocacy. (Id.)

27      Plaintiff also alleges that on September 9, 2024, defendant Dorris sent plaintiff a letter
28  containing false claims about an incident that occurred on September 4, 2024, but does not

describe the claims in the letter. (Id.) Plaintiff states that "Exhibit A" is incorporated, but there are not exhibits attached to the FAC.

Plaintiff further alleges that on September 4, 2024, defendant Galvin ordered court security to deny plaintiff access to the Sacramento Superior Court. (Id.) Plaintiff states that he attempted to file a "nonfrivolous legal claim" and that his ability to pursue his legal claims was obstructed. (Id. at 3.)

Plaintiff alleges that defendant Dorris altered surveillance footage that documented the September 4, 2024, incident and that defendants Awoniyi, Dorris, and Galvin coordinated these acts. (Id.)

Plaintiff brings claims for First Amendment Retaliation; violation of the First and Fourteenth Amendments due to the denial of access to the courts; "abuse of state power for personal motives" which plaintiff says violates substantive due process; and "conspiracy to obstruct justice and suppress constitutional rights." (Id. at 3.)

### III. Discussion

#### A. Federal Rule of Civil Procedure 8

The FAC still does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). The FAC offers only conclusory allegations that defendants violated plaintiff's constitutional rights. Plaintiff brings four claims against all defendants. However, plaintiff does not provide sufficient facts to state a claim against any defendant, or make clear which claims are being brought against which defendants. For example, plaintiff makes conclusory allegations that defendant Awoniyi directed CHP officers to plaintiff's family home, and that those officers pressured plaintiff's parents to commit him to a psychiatric facility, but does not sufficiently describe how defendant Awoniyi directed the officers. (ECF No. 7 at 2.) Further, plaintiff alleges that defendant Galvin ordered court security to deny plaintiff access to the Sacramento Superior Court but does not sufficiently describe how this occurred. (Id. at 2-3.) Plaintiff also states that

defendant Dorris sent plaintiff a letter containing false claims about a "September 4, 2024 incident" but does not describe these false claims. (Id.) Finally, plaintiff alleges that all defendants conspired and tampered with video surveillance footage, and that defendants Awoniyi, Dorris, and Galvin "communicated and coordinated these acts" but does not describe this communication. (Id. at 3.) Conclusory allegations do not give fair notice of the claims. See Iqbal, 556 U.S. at 678. Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

### B. Retaliation

Plaintiff states that "defendants" retaliated against plaintiff for "protected speech at public meetings and court proceedings." (ECF No. 7 at 3.) To bring a First Amendment retaliation claim, a plaintiff must show: (1) that plaintiff was "engaged in a constitutionally protected activity"; (2) that defendant's actions would "chill a person of ordinary firmness from continuing to engage in the protected activity"; and (3) that "the protected activity was a substantial or motivating factor in defendant's conduct." Sanderlin v. Dwyer, 116 F.4th 905, 910-11 (9th Cir. 2024) (citation omitted). However, a plaintiff "may not recover merely on the basis of a speculative 'chill' due to generalized and legitimate law enforcement initiatives." Mendocino Environmental Center v. Mendocino Cnty., 14 F.3d 457, 464 (9th Cir.1994).

Plaintiff has failed to show that any defendant retaliated against him under the First Amendment. Regarding defendant Awoniyi, plaintiff alleges that she directed CHP officers to visit plaintiff's family home, and while at his home the officers pressured them to commit plaintiff to a psychiatric facility so he could not participate in a judicial council meeting. (ECF No. 7 at 2.) Plaintiff has provided no more than conclusory allegations that defendant Awoniyi violated his rights. It is unclear whether participation in a judicial council meeting is a constitutionally protected activity. Additionally, even if it were, plaintiff has not established that any action by defendant Awoniyi violated these rights. Further, plaintiff has not shown that plaintiff's plan to speak at a judicial council meeting was a "substantial or motivating factor" in defendant Awoniyi's alleged decision to send CHP officers to plaintiff's home.

1          Regarding defendant Galvin, plaintiff alleges that he ordered court security to deny
2  plaintiff access to the Sacramento Superior Court, and that this action was retaliatory and
3  prevented plaintiff from pursuing a legal claim. (ECF No. 7 at 2-3.) Again, plaintiff has only
4  provided conclusory allegations that defendant Galvin ordered court security to prevent him from
5  accessing the court. Plaintiff has not sufficiently described how defendant Galvin retaliated
6  against plaintiff.
7          The only allegations made against defendant Dorris are that he sent plaintiff a letter
8  containing false claims about an incident that occurred on September 4, 2024, which "was an
9  attempt[] to unlawfully limit [p]laintiff's protected speech." (ECF No. 7 at 2.) Plaintiff has not
10 sufficiently described how defendant's conduct was retaliatory against plaintiff. There is no
11 information included about the claims contained in the letter. Plaintiff states that "exhibit A" is
12 incorporated, however there are no exhibits attached to the FAC. It appears that plaintiff is
13 attempting to incorporate documents that were previously submitted, presumably with his original
14 complaint. (Id. at 1.) However, plaintiff was informed in the initial screening order issued on June
15 9, 2025, that Local Rule 220 requires that an amended complaint be complete by itself without
16 reference to any prior pleading. (See ECF No. 6 at 6.)
17         Accordingly, plaintiff has failed to state a claim against any defendant for First
18 Amendment retaliation.
19         **C. Access to Courts**
20         Plaintiff alleges that "defendants" denied him access to courts and public forums. (ECF
21 No. 7 at 3.) The right of access to courts is protected by the First Amendment right to petition and
22 the Fourteenth Amendment right to substantive due process. Silva v. Di Vittorio, 658 F.3d 1090,
23 1103 (9th Cir. 2011). "[T]he right of access to the courts is a fundamental right protected by the
24 Constitution." Ringgold-Lockhart v. Cnty. of Los Angeles, 761 F.3d 1057, 1061 (9th Cir. 2014)
25 (alteration in original) (quoting Delew v. Wagner, 143 F.3d 1219, 1222 (9th Cir. 1998)). "Access
26 to courts does not only protect one's right to physically enter the courthouse halls, but also insures
27 that the access to courts will be 'adequate, effective and meaningful.'" Swekel v. City of River
28 Rouge, 119 F.3d 1259, 1262 (6th Cir. 1997) (quoting Bounds v. Smith, 430 U.S. 817, 822

(1977)).

Claims for denial of access to courts may arise from either the frustration of "a litigating opportunity yet to be gained" (a forward-looking claim), or from "an opportunity already lost" (a backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 413-14 (2002). In either case, "the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong." Id. at 414-15. "[T]he right is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." Id. at 415. Thus, in any access-to-courts claim, a plaintiff must allege: (1) a "nonfrivolous," "arguable" underlying claim, pled "in accordance with [Rule] 8(a), just as if it were being independently pursued"; (2) the official acts that frustrated the litigation of that underlying claim; and (3) a plain statement describing the "remedy available under the access claim and presently unique to it." Id. at 415-18.

Here, plaintiff has failed to state a claim for denial of the right of access to courts. Plaintiff alleges that defendant Galvin ordered court security to deny plaintiff access to the Sacramento Superior Court and prevented him from being able to pursue a "nonfrivolous" legal claim. (ECF No. 7 at 2-3.) Plaintiff states that he intended to file a claim that established plaintiff's constitutional right to equitable, non-retaliatory access to public courts and governmental forums, and prohibiting state officials from denying plaintiff this access based on protected speech. (Id. at 3.) Plaintiff has not established that he had a nonfrivolous underlying claim, that any official acts frustrated that litigation, or a remedy available. See Christopher, 536 U.S. at 415-18. Plaintiff does not describe the underlying claim in sufficient detail or sufficiently describe how defendant Galvin's actions prevented him from accessing the courts. Plaintiff has not described facts alleging how defendants Awoniyi or Dorris prevented him from accessing the courts. According, plaintiff fails to state a claim against any defendant.

### D. Fourteenth Amendment Substantive Due Process

Plaintiff alleges that "defendants" abused authority for personal retaliation and violated his substantive due process rights. (ECF No. 7 at 3.) "To establish a substantive due process claim, a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or

6

property." Nunez v. City of Los Angeles, 147 F.3d 867, 871 (9th Cir. 1998). "To violate substantive due process, the alleged conduct must 'shock[] the conscience' and 'offend the community's sense of fair play and decency.'" Marsh v. City. of San Diego, 680 F.3d 1148, 1154 (9th Cir. 2012) (alteration in original). Where "circumstances afford reasonable time for deliberation before acting, [the court] consider[s] conduct to be conscience-shocking if it was taken with deliberate indifference toward a plaintiff's constitutional rights." Sylvia Landfield Tr. v. City of Los Angeles, 729 F.3d 1189, 1195 (9th Cir. 2013).

Plaintiff fails to state a Fourteenth Amendment substantive due process claim against any defendant. As an initial matter, plaintiff has not established that he was deprived of "life, liberty, or property." As discussed above, plaintiff has failed to state a claim that he was denied access to courts or that he was retaliated against. Therefore, plaintiff has not sufficiently alleged that his substantive due process rights were violated by any defendant.

### E. Conspiracy

Plaintiff alleges that defendants knowingly conspired to deprive plaintiff of his constitutional rights. (ECF No. 7 at 3.) "To state a conspiracy claim under § 1983, a plaintiff must show (1) an agreement between the defendants to deprive the plaintiff of a constitutional right, (2) an overt act in furtherance of the conspiracy, and (3) a constitutional deprivation." Davis v. Powell, 901 F. Supp. 2d 1196, 1217 (S.D. Cal. 2012); see Gilbrook v. City of Westminster, 177 F.3d 839, 856-57 (9th Cir. 1999). "To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy." Id. at 856 (citing United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1541 (9th Cir. 1989)). A defendant's knowledge of and participation in a conspiracy may be inferred from circumstantial evidence and evidence of the defendant's actions. Id. at 856-57.

Plaintiff alleges that defendant Dorris "coordinated suppression and alteration" of surveillance footage that documented the incident that occurred on September 4, 2024, and that defendants Awoniyi, Dorris, and Galvin "communicated and coordinated these acts through official and unofficial channels." (ECF No. 7 at 3.) Plaintiff has not alleged sufficient facts to state a claim for conspiracy under § 1983. Plaintiff has not offered more than conclusory

allegations that defendants communicated about suppressing video footage. Additionally, plaintiff has not established that his constitutional rights were violated. Therefore, plaintiff fails to state a claim for conspiracy.

### F. Judicial Immunity

In addition, plaintiff brings his claims against Sacramento County Superior Court Judges Bunmi Awoniyi and Jeffrey Galvin who are immune from a suit for damages. With limited exceptions, judges and other judicial officers are absolutely immune from suit for judicial acts. See Forrester v. White, 484 U.S. 219, 227 (1988); In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002). Judicial immunity is overcome in only two sets of circumstances: first, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity; second, a judge is not immune for actions taken in the complete absence of any jurisdiction. Mireles v. Waco, 502 U.S. 9, 11 (1991). "This immunity applies even when the judge is accused of acting maliciously and corruptly[.]" Pierson v. Ray, 386 U.S. 547, 554 (1967).

Plaintiff argues that defendants acted outside the scope of their judicial and official duties. (ECF No. 7 at 1.) Based on the facts alleged, plaintiff has not demonstrated that either defendant Awoniyi or defendant Galvin acted outside of their judicial capacity. According to plaintiff, defendant Awoniyi directed CHP officers to visit plaintiff's family home, and these officers pressured his parents to commit him to a psychiatric facility. (ECF No. 7 at 2.) Further, plaintiff alleged that defendant Galvin ordered court security to deny plaintiff access to the Sacramento Superior Court. (Id.) There is no indication that either of these alleged acts occurred outside of their judicial capacity. Plaintiff also conclusively states that these acts were committed "in the complete absence of jurisdiction" but does not sufficiently support this statement with facts. Accordingly, defendants Awoniyi and Galvin are entitled to judicial immunity.

### G. Leave to Amend

For all these reasons, the FAC should be dismissed. Plaintiff was given an opportunity to amend his complaint, and the FAC did not overcome the deficiencies outlined in the Court's first screening order. (See ECF No. 6.) Plaintiff added two new claims to the FAC: the substantive due process claim and the conspiracy claim. Plaintiff also added defendant Galvin. For the reasons set

forth above, it is apparent that amendment would be futile and leave to amend is not appropriate. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (while leave to amend shall be freely given, the court need not allow futile amendments). Accordingly, the FAC should be dismissed without leave to amend.

### IV.   Motion for Settlement Conference

On June 27, 2025, plaintiff filed a motion for settlement conference and a notice of good faith settlement efforts. (ECF Nos. 8, 9.) Because the Court is recommending that this case be dismissed without leave to amend, and defendants have not been served, settlement is inappropriate at this time. Accordingly, the Court DENIES plaintiff's motion for settlement conference as moot.

### V.   Conclusion

For the reasons set forth above, IT IS ORDERED that plaintiff's motion for a settlement conference (ECF No. 8) be DENIED as moot.

Additionally, IT IS RECOMMENDED that:

1. Plaintiff's First Amended Complaint (ECF No. 7) be DISMISSED without leave to amend; and
2. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 14, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, eswa.0978.25